IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOSEPH BACON a/k/a JOEL BACON,      :      HON. JEROME B. SIMANDLE

                    Plaintiff,      :      Civil No. 10-5484 (JBS/JS)

          v.                        :

DR. ELIZABETH BURNS, et al.,        :      **MEMORANDUM OPINION**

                    Defendants.     :

**SIMANDLE**, District Judge:

     This matter is before the Court on the supplemental motion
of Defendant Dr. Elizabeth Burns for summary judgment. [Docket
Item 30.]  THE COURT FINDS AS FOLLOWS:

     1.  Plaintiff Joel Bacon claims, in this 42 U.S.C. § 1983
action, that his due process rights have been being violated by
involuntary injections of medication(s) prescribed to him by
Defendant Burns.  The complete factual and procedural history of
this action are discussed in the Court's November 15, 2011
Opinion, and are incorporated herein.  Bacon v. Burns, Civ. No.
10-5484, 2011 WL 5599580 (D.N.J. Nov. 15, 2011).

     2.  Defendant Dr. Elizabeth Burns ("Dr. Burns" or "Defendant
Burns") was the treating psychiatrist for the Plaintiff at Ancora
Psychiatric Hospital from September 22, 2009 to January 13, 2010.
(Burns Cert. ¶ 2.)  Dr. Burns diagnosed the Plaintiff with
Schizoaffective Disorder Bipolar Type, a major mental illness.
On or about November 5, 2009, the Plaintiff started to refuse to

take one of his medications, Haldol.  Dr. Burns evaluated the Plaintiff and concluded that there was no other option but to administer Haldol against the Plaintiff's will.  After following an internal procedure, Dr. Burns administered Haldol to the Plaintiff without the Plaintiff's consent.

3.  The Plaintiff filed the instant action alleging that Dr. Burns violated his constitutional rights by involuntarily injecting him with antipsychotic medication to which he was allergic.  The Plaintiff maintains Dr. Burns did not follow the proper three step procedure required by New Jersey Administrative Bulletin 5:04 and Rennie v. Klein, 720 F.2d 266, 269 (3d Cir. 1983).

4.  The Third Circuit in Rennie held a three-step procedure was required prior to the forcible administration of antipsychotic medication in order to satisfy due process.  First, the attending physician must explain his or her reason for prescribing the medication and must discuss the drugs' benefits and risks. Second, the patient was encouraged to seek outside advice from family and friends and a required meeting was then held with a treatment team if the patient still refused the medication.  The third and final step was an independent review by the medical director, whose concurrence is required before any medication was administered.  Id. at 270 n.9.

5.  In order to comply with the Rennie decision, New Jersey

2

adopted Administrative Bulletin 5:04 which articulates the
specific three-step procedure required by medical personnel prior
to the administration of medication to a non-consenting patient.
In particular, the Administrative Bulletin requires the treating
physician to meet with the patient to discuss and attempt to
respond to the patient's concerns about the medication.  If the
patient still refuses to take the medication and the treating
physician believes the medication is a necessary part of the
patient's treatment plan, the treating physician must tell the
patient that the matter will be discussed at a meeting of the
patient's treatment team and shall invite the patient to attend.
In addition, the treating physician should encourage the patient
to discuss the matter with a person of his own choosing and shall
advise the patient that a <u>Rennie</u> advocate is available to provide
assistance.  (Ex. J at 7.)

       6.  The Court previously denied Defendant Burns' motion for
summary judgment.  [Docket Items 25 & 26.]  The court held that
genuine issues of material fact exist as to whether Dr. Burns
substantially complied with N.J.A.B. 5:04.  Specifically, Dr.
Burns was required to inform the Plaintiff that a team meeting
would take place and was required to invite the Plaintiff to
attend.  The treating physician is also required pursuant to
N.J.A.B. 5:04 to encourage the patient to discuss the matter with
an outside individual, such as a family member or a friend, and

advise the patient that a Rennie advocate is available to provide assistance.   There was no evidence in the record that this occurred.   Further, it was unclear whether the Plaintiff was in attendance at the team meeting and able to discuss his concerns about the medication.

7.   Instead, the record only indicated that Dr. Burns met with the Plaintiff to discuss his refusal to take Haldol and explained to him that the medication was necessary because he posed a danger to himself and others without the medication.   In addition, the evidence in the record suggested that all three steps of the Rennie process occurred on the same day, December 3, 2009.   The court found that this was insufficient to comply with the requirements of N.J.A.B. 5:04.

8.   However, the court's denial was without prejudice to refiling the motion with a more complete record.   Defendant Burns then renewed her motion for summary judgment and provided a supplemental record.   [Docket Item 30.]   The Plaintiff filed opposition to this motion and maintains the Dr. Burns did not substantially comply with N.J.A.B. 5:04.   [Docket Item 50.]

9.   Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."

See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A
fact is "material" only if it might affect the outcome of the
suit under the applicable rule of law.  Id.  Summary judgment
will not be denied based on mere allegations or denials in the
pleadings; instead, some evidence must be produced to support a
material fact.  Fed. R. Civ. P. 56(c)(1)(A); United States v.
Premises Known as 717 S. Woodward Street, Allentown, Pa., 2 F.3d
529, 533 (3d Cir. 1993).  The Court will view any evidence in
favor of the nonmoving party and extend any reasonable favorable
inferences to be drawn from that evidence to that party.  Hunt v.
Cromartie, 526 U.S. 541, 552 (1999).  See also Scott v. Harris,
550 U.S. 372, 378 (2007) (The district court must "view the facts
and draw reasonable inferences in the light most favorable to the
party opposing the summary judgment motion.").

    10.  Applying this standard, Defendant Burns's motion for
summary judgment will be denied.  Genuine issues of material fact
remain regarding whether Dr. Burns substantially complied with
N.J.A.B. 5:04.

    11. In her supplemental submission, Dr. Burns argues that
she complied with the first step of N.J.A.B. 5:04 because she
knew the Plaintiff was in regular contact with his mother and his
Imam from Pastoral Services.  Dr. Burns also maintains that
Plaintiff knew the Rennie advocate was available to discuss
medication issues because Plaintiff signed a consent form in late

October which disclosed the existence of a Rennie advocate, Plaintiff mentioned the Rennie advocate during the team meeting on November 30, 2009[1] and posters with notice of the Rennie advocate are posted in the ward.  Dr. Burns also states that her initial evaluation of the Plaintiff required by Step 1 and the team meeting required by Step 2 occurred on November 30, 2009. The third step which mandates review by the Medical Director occurred on December 3, 2009.  Since the Plaintiff had contact with his family members and knew of the Rennie Advocate, Dr. Burns argues that she fully complied with Step One of N.J.A.B. 5:04 and Plaintiff's due process rights were not violated.

12.   However, Dr. Burns admits that she failed to personally advise the Plaintiff that a Rennie advocate was available to provide assistance.  This advice is mandated by N.J.A.B. 5:04 and must be provided by the physician during the initial evaluation and prior to the team meeting.  In addition, Dr. Burns did not encourage the Plaintiff to speak with his mother or Imam to discuss his refusal to take Haldol, despite knowing that the Plaintiff had contact with these individuals.  Further, it is

---

[1] The notes from the team meeting indicate the Plaintiff stated, "I should have written it up but I never see the Advocate get the reports out of his box." (Def.'s Ex. 2.)  It is unclear what the Plaintiff is referring to in this statement, but it seems likely this statement is referencing Plaintiff's reports that the staff at Ancora was sexually harassing him.  There is no indication in the team notes that the Plaintiff knew the Rennie advocate could assist him with his decision to refuse to take Haldol.

undisputed that the initial evaluation and the team meeting took place on the same day.  From the record currently before the court, it is unclear whether Plaintiff was given a meaningful opportunity to consult with the Rennie advocate and his family prior to attending the team meeting.  A rational jury could conclude that N.J.A.B. 5:04 was not complied with based on these facts.  Therefore, summary judgment is inappropriate.[2]

13.  To the extent that Dr. Burns argues in her reply brief that she substantially complied with due process despite having violated N.J.A.B. 5:04, this argument was not raised in the initial motion for summary judgment or in the initial moving papers on Dr. Burns' supplemental summary judgment motion.  Accordingly, this argument will not be addressed by the court at this time.

14.  Therefore, Defendant Burns' supplemental motion for summary judgment will be denied.  The accompanying Order will be entered.


**September 17, 2012**                    **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                          Chief U.S. District Judge

---

[2] Since the court is denying the motion based on genuine issues of material fact with regard to Step One of N.J.A.B. 5:04, the court makes no findings as to the remaining steps of the three-step process.  The court also notes that summary judgment is premature since discovery has not been completed and is ongoing.